# HARDIN, KUNDLA, MCKEON & POLETTO

COUNSELLORS AT LAW

A PROFESSIONAL CORPORATION

673 MORRIS AVENUE

SPRINGFIELD, NEW JERSEY 07081

(973) 912-5222

FAX (973) 912-9212

———

www.HKMPP.com

**NEW YORK OFFICE**
110 William Street
New York, New York 10038
(212) 571-0111
FAX (212) 571-1117

**PENNSYLVANIA OFFICE**
60 West Broad Street
Suite 102
Bethlehem, Pennsylvania 18018
(610) 433-8400
FAX (610) 433-0300

**Robert E. Blanton, Jr.**
rblanton@hkmpp.com

Member of the Bar: NJ & NY

November 10, 2025

**VIA ECF**
Hon. Renée Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse—Courtroom 3D
4th & Cooper Streets
Camden, New Jersey

   RE: *Juliano v. Nurse Assist, LLC, et al.*
      Case No. 1:25-cv-13512
      File No.: 9351.52229

Dear Chief Judge Bumb:

  This office represents Defendant Nurse Assist, LLC and specially appearing Defendant Spinnaker International, LLC (hereinafter "Spinnaker") in the above referenced matter. Plaintiff asserts products liability claims against Defendants for injuries allegedly sustained from using certain saline and sterile water products. Pursuant to Section I.(A) of Your Honor's Individual Rules and Procedures, we request a pre-motion conference to grant leave for Spinnaker to file a motion to dismiss all claims against it. The Court should grant Spinnaker leave to move for dismissal because (1) the Court lacks personal jurisdiction over Spinnaker pursuant to Fed. R. Civ. P. 12(b)(2); and (2) the Complaint fails to state a claim for relief against Spinnaker per Fed. R. Civ. P. 12(b)(6).

  Spinnaker is a Delaware limited liability company; its sole member resides in Massachusetts. Spinnaker's sole member will certify that the entity is uninvolved in the manufacturing, distribution or sale of the subject saline and sterile water products. The entity also does not do business in the state of New Jersey.

  Given these facts, Spinnaker respectfully submits that the Court lacks

November 10, 2025
Page 2

personal jurisdiction over Spinnaker. Plaintiff cannot show continuous and systematic contacts that would confer this Court with general jurisdiction over Spinnaker. *See, O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Spinnaker also has not purposefully directed activities at this forum, and this litigation does not arise from any specific activities by Spinnaker within the state of New Jersey to confer specific jurisdiction. *See, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985); *see also, Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414 (1984).

Relatedly, since Spinnaker is uninvolved in the manufacturing, distribution or sale of the product at issue dismissal is also appropriate under Fed. R. Civ. P. 12(b)(6).

Your Honor's consideration of this request is greatly appreciated.

                                                            Respectfully submitted,

                                                            ***/s/ Robert E. Blanton, Jr.***
                                                            Robert E. Blanton, Jr.

REB:pth
cc:     All counsel of record (via ECF)