**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW JULIANO,<br><br>              Plaintiff,<br><br>  -against-<br><br>NURSE ASSIST, LLC, ADAPTHEALTH CORP., TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC.<br><br><br>             Defendants. | Case No.:  1:25-cv-13512-RMB-MJS<br><br>     Civil Action |

## <u>DEFENDANT ADAPTHEALTH CORP.'S ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIMS AND JURY DEMAND</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant AdaptHealth Corp. ("AdaptHealth" or "Defendant") by and through its counsel, respectfully responds by generally denying all allegations in the Amended Complaint of plaintiff Matthew Juliano (the "Amended Complaint"), except as set forth below.  Silence as to any allegations shall constitute a denial.

### <u>AS TO THE NATURE OF THE ACTION</u>

1.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint.

2.      Denies each and every allegation contained in paragraph 2 of the Amended Complaint.

3.      Denies each and every allegation in paragraph 3 of the Amended Complaint as to defendant AdaptHealth.  Answering further, to the extent the allegations in paragraph 3 refer to extrinsic documents not attached to or part of this Complaint, Defendant states that such documents

speak for themselves. Defendant denies the allegations to the extent they misstate or mischaracterize such documents.

4.      Denies each and every allegation contained in paragraph 4 of the Amended Complaint.

5.      Denies each and every allegation contained in paragraph 5 of the Amended Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Amended Complaint.

## AS TO THE PARTIES

### Plaintiff

8.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Amended Complaint.

### Defendants

9.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Amended Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Amended Complaint and avers that AdaptHealth Corp. is a Delaware Corporation with its principal place of business located at 555 East North Lane, Suite 5075, Conshohocken, PA 19428.

11.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Amended Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Amended Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Amended Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Amended Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Amended Complaint.

16.    Denies each and every allegation contained in paragraph 16 of the Amended Complaint.

17.    Denies each and every allegation contained in paragraph 17 of the Amended Complaint as to Defendant, except admits that Defendant distributed normal saline products.

18.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Amended Complaint.

## AS TO THE JURISDICTION AND VENUE

20.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Amended Complaint and refer all questions of law to this Honorable Court.

21.    Denies each and every allegation contained in paragraph 21 of the Amended Complaint.

22.    The allegations contained in paragraph 22 of the Amended Complaint contain attorney characterizations and legal conclusions to which no response is required.  To the extent a response is due, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that  the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

23.    The allegations contained in the paragraph 23 of the Amended Complaint contain attorney characterizations and legal conclusions.  To the extent a response is required to, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that the cited law or standard speaks for itself, and any characterization thereof is denied as stated. Defendant further denies the allegation as to the cause of plaintiff's alleged injuries.

24.    The allegations contained in the paragraph 24 of the Amended Complaint contain attorney characterizations and legal conclusions.  To the extent a response is required to, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

25.    The allegations contained in paragraph 25 of the Amended Complaint contain attorney characterizations and legal conclusions.  To the extent a response is required, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

26.    The allegations contained in paragraph 26 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

27.    The allegations contained in paragraph 27 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

28.    Denies each and every allegation contained in paragraph 28 of the Amended Complaint.

29.    The allegations contained in paragraph 29 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

30.    Admits that Defendant conducted business in the State of New Jersey.  The remaining allegations contained in paragraph 30 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations contained in paragraph 30 of the Amended Complaint.

31.    Admits that Defendant conducted business in the State of New Jersey.  The remaining allegations contained in paragraph 31 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

## AS TO THE FACTUAL ALLEGATIONS

32.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Amended Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the allegations in the first three sentences of paragraph 37 of the Amended Complaint, and denies the remaining allegation contained in paragraph 37 of the Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Amended Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Amended Complaint as to Defendant and denies knowledge or information sufficient to form a belief as to the remaining defendants.

44.    Denies each and every allegation contained in paragraph 44 of the Amended Complaint as to Defendant. Answering further, to the extent the allegations in paragraph 44 refer to extrinsic documents not attached to or part of this Complaint, Defendant states that such documents speak for themselves.

45.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Amended Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Amended Complaint.

47.    Denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Amended Complaint.

**<u>AS TO THE TOLLING OF THE STATUTE OF LIMITATIONS, FRAUDULENT CONCEALMENT, EQUITABLE TOLLING AND CONTINUING VIOLATIONS</u>**

49.    Denies each and every allegation contained in paragraph 49 of the Amended Complaint.

50.    Denies each and every allegation contained in paragraph 50 of the Amended Complaint.

51.    Denies each and every allegation contained in paragraph 51 of the Amended Complaint.

52.    Denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53.    Denies each and every allegation contained in paragraph 53 of the Amended Complaint.

54.     The allegations contained in paragraph 54 of  the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

## **AS TO COUNT ONE**

55.     Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 55 of the Amended Complaint.

56.     The allegations contained in paragraph 56 of  the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief.

57.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Amended Complaint.

59.     The allegations contained in paragraph 59 of the Amended Complaint contain attorney characterizations and legal conclusions, and Defendant refers all questions of law to this Honorable Court.  To the extent a response is required, Defendant avers that it distributed normal saline products in the State of New Jersey, and further states that  the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

60.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Amended Complaint.

62.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Amended Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Amended Complaint.

64.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Amended Complaint.

65.    Denies each and every allegation contained in paragraph 65 of the Amended Complaint.

66.    Denies each and every allegation contained in paragraph 66 of the Amended Complaint.

67.    Denies each and every allegation contained in paragraph 67 of the Amended Complaint.

68.    Denies each and every allegation contained in paragraph 68 of the Amended Complaint.

69.    Denies each and every allegation contained in paragraph 69 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 69, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## AS TO COUNT TWO

70.     Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 70 of the Amended Complaint.

71.     Admits that Defendant distributed normal saline products in the course of its business, and denies the remaining allegations in paragraph 71 of the Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 of the Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Amended Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Amended Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Amended Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Amended Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Amended Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Amended Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Amended Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Amended Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Amended Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Amended Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Amended Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 84, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## AS TO COUNT THREE

85.     Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 85 of the Amended Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Amended Complaint.

87.     Admits that Defendant distributed normal saline products, and denies the remaining allegations in paragraph 87 of the Amended Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Amended Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 89 of the Amended Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Amended Complaint as to Defendant.

91.     Denies each and every allegation contained in paragraph 91 of the Amended Complaint as to Defendant.

92.     Denies each and every allegation contained in paragraph 92 of the Amended Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Amended Complaint.

94.     Admits that Sterile 0.9% Normal Saline USP is required to be sterile, and denies all remaining allegations contained in paragraph 94 of the Amended Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Amended Complaint.

96.     Denies each and every allegation contained in paragraph 96 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 96, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## AS TO COUNT FOUR

97.     Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 97 of the Amended Complaint.

98.     The allegations contained in paragraph 98 of the Amended Complaint constitute legal conclusions to which no response is required, and Defendant refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 98 of the Amended Complaint.

99.     The allegations contained in paragraph 99 of the Amended Complaint constitute legal conclusions to which no response is required, and Defendant refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 98 of the Amended Complaint.

100.     Denies each and every allegation contained in paragraph 100 of the Amended Complaint.

101.     Denies each and every allegation contained in paragraph 101 of the Amended Complaint.

102.     Denies each and every allegation contained in paragraph 102 of the Amended Complaint.

103.     Denies each and every allegation contained in paragraph 103 of the Amended Complaint, including subsections (a), (b), (c), (d), (e), (f), (g), (h), (i), (j) and (k).

104.     Denies each and every allegation contained in paragraph 104 of the Amended Complaint.

105.    Denies each and every allegation contained in paragraph 105 of the Amended Complaint.

106.    Denies each and every allegation contained in paragraph 106 of the Amended Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Amended Complaint.

108.    Denies each and every allegation contained in paragraph 108 of the Amended Complaint.

109.    Denies each and every allegation contained in paragraph 109 of the Amended Complaint.

110.    Denies each and every allegation contained in paragraph 110 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 110, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## AS TO COUNT FIVE

111.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 111 of the Amended Complaint.

112.    Denies each and every allegation contained in paragraph 112 of the Amended Complaint.

113.    Denies each and every allegation contained in paragraph 113 of the Amended Complaint.

114.    Denies each and every allegation contained in paragraph 114 of the Amended Complaint.

115.    Denies each and every allegation contained in paragraph 115 of the Amended Complaint.

116.    Denies each and every allegation contained in paragraph 116 of the Amended Complaint and refers all questions of law to this Honorable Court.

117.    Denies each and every allegation contained in paragraph 117 of the Amended Complaint.

118.    Denies each and every allegation contained in paragraph 118 of the Amended Complaint.

119.    Denies each and every allegation contained in paragraph 119 of the Amended Complaint.

120.    Denies each and every allegation contained in paragraph 120 of the Amended Complaint.

121.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 121 of the Amended Complaint.

122.    Denies each and every allegation contained in paragraph 122 of the Amended Complaint.

123.    Denies each and every allegation contained in paragraph 123 of the Amended Complaint.

124.    Denies each and every allegation contained in paragraph 124 of the Amended Complaint.

125.    Denies each and every allegation contained in paragraph 125 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 125, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## **AS TO COUNT SIX**

126.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 126 of the Amended Complaint.

127.    Denies each and every allegation contained in paragraph 127 of the Amended Complaint.

128.    Denies each and every allegation contained in paragraph 128 of the Amended Complaint.

129.    Denies each and every allegation contained in paragraph 129 of the Amended Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 130 of the Amended Complaint.

131.    Denies each and every allegation contained in paragraph 131 of the Amended Complaint.

132.    Denies each and every allegation contained in paragraph 132 of the Amended Complaint.

133.    Denies each and every allegation contained in paragraph 133 of the Amended Complaint.

134.    Denies each and every allegation contained in paragraph 134 of the Amended Complaint.

135.    Denies each and every allegation contained in paragraph 135 of the Amended Complaint.

136.    Denies each and every allegation contained in paragraph 136 of the Amended Complaint as to Defendant, and refers all questions of law to this Honorable Court.

137.    Denies each and every allegation contained in paragraph 137 of the Amended Complaint.

138.    Denies each and every allegation contained in paragraph 138 of the Amended Complaint.

139.    Denies each and every allegation contained in paragraph 139 of the Amended Complaint.

140.    Denies each and every allegation contained in paragraph 140 of the Amended Complaint.

141.    Denies each and every allegation contained in paragraph 1411 of the Amended Complaint.

142.    Denies each and every allegation contained in paragraph 142 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 142, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## AS TO COUNT SEVEN

143.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 143 of the Amended Complaint.

144.    Denies each and every allegation contained in paragraph 144 of the Amended Complaint.

145.    Denies each and every allegation contained in paragraph 145 of the Amended Complaint.

146.    Denies each and every allegation contained in paragraph 146 of the Amended Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 147 of the Amended Complaint.

148.    The allegations contained in paragraph 148 of the Amended Complaint constitute legal conclusions to which no response is required, and Defendant refers all questions of law to this Honorable Court.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 148 of the Amended Complaint, as Defendant did not manufacture, design, or label the product at issue.

149.    Denies each and every allegation contained in paragraph 149 of the Amended Complaint.

150.    Denies the allegations in paragraph 150 of the Amended Complaint that Defendant made false representations, and refers all questions of law to this Honorable Court.

151.    Denies each and every allegation contained in paragraph 151 of the Amended Complaint.

152.    Denies each and every allegation contained in paragraph 152 of the Amended Complaint.

153.    Denies each and every allegation contained in paragraph 153 of the Amended Complaint.

154.    Denies each and every allegation contained in paragraph 154 of the Amended Complaint.

155.    Denies each and every allegation contained in paragraph 155 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 155, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## **AS TO COUNT EIGHT**

156.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 156 of the Amended Complaint.

157.    Denies each and every allegation contained in paragraph 157 of the Amended Complaint.

158.    Denies each and every allegation contained in paragraph 158 of the Amended Complaint.

159.    Denies each and every allegation contained in paragraph 159 of the Amended Complaint.

160.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 160 of the Amended Complaint.

161.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 161 of the Amended Complaint.

162.    Denies each and every allegation contained in paragraph 162 of the Amended Complaint.

163.    Denies each and every allegation contained in paragraph 163 of the Amended Complaint.

164.    The allegations contained in paragraph 164 of the Amended Complaint constitute legal conclusions, and Defendant refers all questions of law to the Honorable Court.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 164 of the Amended Complaint.

165.    The allegations contained in paragraph 165 of the Amended Complaint constitute legal conclusions, and Defendant refers all questions of law to the Honorable Court.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 165 of the Amended Complaint.

166.    Denies each and every allegation contained in paragraph 166 of the Amended Complaint.

167.    Denies each and every allegation contained in paragraph 167 of the Amended Complaint.

168.    Denies each and every allegation contained in paragraph 168 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 168, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## AS TO COUNT NINE

169.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 169 of the Amended Complaint.

170.    The allegations contained in paragraph 170 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is due, Defendant states that the cited law or standard speaks for itself, and any characterization thereof is denied as stated.

171.    Denies each and every allegation contained in paragraph 171 of the Amended Complaint as to Defendant.

172.    Denies each and every allegation contained in paragraph 172 of the Amended Complaint as to Defendant.

173.     Denies each and every allegation contained in paragraph 173 of the Amended Complaint.

174.     Denies each and every allegation contained in paragraph 174 of the Amended Complaint as to Defendant.

175.     Denies each and every allegation contained in paragraph 175 of the Amended Complaint as to Defendant.

176.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 176 of the Amended Complaint.

177.     Denies each and every allegation contained in paragraph 177 of the Amended Complaint.

178.     Denies the allegations contained in paragraph 178 of the Amended Complaint that Defendant knew of unsafe nature of the product, and refers all questions of law to this Honorable Court.

179.     Denies each and every allegation contained in paragraph 179 of the Amended Complaint.

180.     Denies each and every allegation contained in paragraph 180 of the Amended Complaint.

181.     Denies each and every allegation contained in paragraph 181 of the Amended Complaint.

182.     Denies each and every allegation contained in paragraph 182 of the Amended Complaint.

183.     Denies each and every allegation contained in paragraph 183 of the Amended Complaint.

184.    Denies each and every allegation contained in paragraph 184 of the Amended Complaint.

185.    Denies each and every allegation contained in paragraph 185 of the Amended Complaint.

186.    Denies each and every allegation contained in paragraph 186 of the Amended Complaint.

187.    Denies each and every allegation contained in paragraph 187 of the Amended Complaint.

188.    Denies each and every allegation contained in paragraph 188 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 188, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## AS TO COUNT TEN

189.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 189 of the Amended Complaint.

190.    Denies each and every allegation contained in paragraph 168 of the Amended Complaint as to Defendant.

191.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 191 of the Amended Complaint.

192.    Denies each and every allegation contained in paragraph 192 of the Amended Complaint.

193.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 193 of the Amended Complaint.

194.    Denies each and every allegation contained in paragraph 194 of the Amended Complaint.

195.    Denies each and every allegation contained in paragraph 195 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 195, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

## **AS TO COUNT ELEVEN**

196.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph 196 of the Amended Complaint.

197.    Denies each and every allegation contained in paragraph 197 of the Amended Complaint.

198.    Denies each and every allegation contained in paragraph 198 of the Amended Complaint, including subsections (a), (b), (c) and (d).

199.    Denies each and every allegation contained in paragraph 199 of the Amended Complaint.

200.    Denies each and every allegation contained in paragraph 200 of the Amended Complaint.

201.    Denies each and every allegation contained in paragraph 201 of the Amended Complaint.

In response to the WHEREFORE paragraph following paragraph 201, Defendant demands that judgment be entered in its favor and against plaintiff; that plaintiff's Amended Complaint be dismissed, with prejudice; and that Defendant be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. Defendant specifically denies that plaintiff is entitled to punitive damages.

## **AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a claim or cause of action against Defendant upon which relief can be granted.

2.    Any and all damages alleged to have been suffered by plaintiff are not causally related to any act or omission alleged on the part of Defendant.

3.    Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical conditions, diseases or illnesses.

4.    Defendants complied with all applicable laws, regulations and standards.

5.    With respect to all causes of action based upon alleged breaches of expressed or implied warranties, there was no privity of contract between plaintiff and Defendant.

6.    With respect to all causes of action based upon alleged breaches of expressed or implied warranties, there was no timely notice of any alleged breach of warranty given to Defendant.

7.      Plaintiff's claims are barred by their failure to join necessary or indispensable parties.

8.      The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiff's claims against Defendant in whole or in part.

9.      The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Defendant in whole or in part.

10.      Applicable statutes of limitations or repose bar plaintiff's claims in whole or in part. *E.g.,* N.J. Stat. Ann. § 2A:31-3.

11.      The equitable doctrine of laches, waiver and/or estoppel bar plaintiff's claims in whole or in part.

12.      Plaintiff's misuse or abnormal use of the products or failure to follow instructions bar the plaintiff's claims in whole or in part.

13.      The alleged injuries to plaintiff were proximately caused by the misuse, abuse, alteration, and/or failure to properly utilize, maintain, or care for the product by persons other than Defendant.

14.      Plaintiff's claims are barred because the product at issue was substantially altered after it left Defendant's possession or control.

15.      The product at issue was not the same condition when it was sold as when it used by plaintiff.

16.      Defendant did not manufacture, design, or label the product at issue.

17.      All the risks, dangers and hazards involved and presented at the time and place mentioned in the Amended Complaint, if any, were open, obvious and apparent and were known

to and assumed by plaintiff and plaintiff willingly and voluntarily assumed the risk and danger thereof.

18.     Liability against Defendant is precluded to the extent the product at issue was not designed, manufactured, sold, or distributed by Defendant.

19.     Defendant did not take physical possession of the product at issue.

20.     Plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

21.     Any alleged negligent or culpable conduct of Defendant, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

22.     To the extent plaintiff used the product for off-label purposes, plaintiff's claims are barred.

23.     Defendant made no warranty, express or implied, to plaintiff.

24.     Plaintiff's claims of breach of warranty are barred because plaintiff did not rely on the warranty, if any.

25.     The learned intermediary doctrine bars plaintiff's claims.

26.     Plaintiff's claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

27.     Plaintiff's claims are barred, in whole or in part, because the labels and information accompanying the products at issue were approved by the U.S. Food and Drug Administration or other appropriate regulatory agencies.

28.     Plaintiff's claims are barred, in whole or in part, by applicable products liability statutes or other law providing absolute or limited immunity or a disputable presumption of immunity against liability for pharmaceutical products approved by the FDA. *See, e.g.,* N.J.S.A. §§ 2A:58C-4, -5.

29.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

30.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the product at issue.

31.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

32.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendant is neither liable nor responsible or resulted from diseases and/or causes that are not related to or connected with any product at issue. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

33.     Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries were the result of plaintiff's idiosyncratic reactions.

34.     Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

35.     The product at issue was fit and proper for its intended purposes, and the social utility of the product outweighed any possible risk inherent in the use of the product.

36.     Defendant has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

37.     The claims of plaintiff should be diminished in whole or in part in the amount paid to plaintiff by any party or non-party with whom plaintiffs have settled or may settle.

38.     Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

39.     Plaintiff's causes of action are barred in whole or in part by plaintiff's own contributory/comparative negligence.

40.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

41.     Plaintiff's claims for punitive damages are barred because such an award would violate Defendant's due process, equal protection and/or other rights under the United States Constitution, the New Jersey Constitution, and/or other applicable state constitutions.

42.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under New Jersey and/or other applicable state laws.

43.     Plaintiff's claim for punitive damages is preempted, in whole or in part, by applicable federal law.

44.    To the extent that New Jersey law applies to plaintiff's claims, plaintiff is limited in the amount, if any, plaintiff may recover for punitive damages under N.J.S.A. § 2A:15-5.9 *et seq*.

45.    To the extent that New Jersey law applies to plaintiff's claims, plaintiff is barred from recovering punitive damages under N.J.S.A. § 2A:58C-5(c) because the product at issue was subject to pre-market approval by the FDA, was approved by the FDA, and/or was generally recognized as safe and effective pursuant to regulations and conditions established by the FDA.

46.    Plaintiff's claims for punitive damages are barred in whole or in part because plaintiff is not entitled to compensatory damages, no fault or other admissions being made.

47.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under laws of states that do not govern plaintiff's claims.

48.    To the extent that New Jersey law applies, plaintiff's claims are subsumed and/or barred by the New Jersey Products Liability Act, in whole or in part. *See, e.g., Sinclair v. Merck & Co., Inc*., 195 N.J. 51, 54-55, 948 A.2d 587, 589 (2008); *In re Lead Paint Litig*., 191 N.J. 405, 436-37, 924 A.2d 484, 503-04 (2007); *Brown ex rel. Brown v. Philip Morris, Inc*., 228 F. Supp. 2d 506, 515-18 (D.N.J. 2002).

49.    Plaintiff's claims are barred because plaintiff's own negligence proximately caused and contributed to the injuries complained of and, therefore, the damages which might be recovered by plaintiff in this action, if any, should be reduced in proportion to the plaintiff's own negligence.

50.    Plaintiff's claims are barred by reason of the doctrines of res judicata and/or collateral estoppel.

51.    Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

## FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS
## NURSE ASSIST, LLC, TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC.
### (Common Law Indemnification)

If Plaintiff sustained the injuries and damages as alleged in the Amended Complaint, all of which is denied by Defendant, and said injuries and damages were not sustained as a result of Plaintiff's own negligence, carelessness, or want of care, then same injuries and damages were caused as a result of the acts or omissions, negligence, carelessness, strict liability, and/or breach of warranty on the part of co-defendants NURSE ASSIST, LLC, TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC., without any negligence, carelessness or want of care on the part of Defendant in any way contributing thereto.

By reason of the foregoing, Defendant is entitled to common law indemnification from, and to have judgment over and against, the co-defendants above named, for all or part of any verdict or judgment that Plaintiff may recover against Defendant, together with Defendant's attorneys' fees and costs of suit.

## SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS
## NURSE ASSIST, LLC, TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC.
### (Contractual Indemnification)

If Plaintiff sustained the injuries and damages as alleged in the Amended Complaint, all of which is denied by Defendant, and said injuries and damages were not sustained as a result of

Plaintiff's own negligence, carelessness, or want of care, then same injuries and damages were caused as a result of the acts or omissions, negligence, carelessness, strict liability, and/or breach of warranty on the part of co-defendants NURSE ASSIST, LLC, TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC., without any negligence, carelessness or want of care on the part of Defendant in any way contributing thereto.

By reason of the foregoing, Defendant is entitled to contractual indemnification from, and to have judgment over and against, the co-defendants above named, for all or part of any verdict or judgment that Plaintiff may recover against Defendant, together with Defendant's attorneys' fees and costs of suit.

### THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS NURSE ASSIST, LLC, TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC. (Contribution)

If Plaintiff sustained the injuries and damages as alleged in the Amended Complaint, all of which is denied by Defendant, and said injuries and damages were not sustained as a result of Plaintiff's own negligence, carelessness, or want of care, then same injuries and damages were caused as a result of the acts or omissions, negligence, carelessness, strict liability, and/or breach of warranty on the part of co-defendants NURSE ASSIST, LLC, TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC.

By reason of the foregoing, Defendant is entitled to contribution from, and to have judgment over and against, the co-defendants above named, for all or part of any verdict or judgment that Plaintiff may recover against Defendant.

**WHEREFORE**, defendant ADAPTHEALTH CORP. demands judgment dismissing plaintiff's Amended Complaint with prejudice, and demands judgment over and against the co-defendants NURSE ASSIST, LLC, TOWER THREE PARTNERS, LLC, BPGC MANAGEMENT LP, SPINNAKER INTERNATIONAL LLC, R INVESTMENTS LLC and McKESSON MEDICAL-SURGICAL, INC.  for the full or partial amount of any recovery and disbursements of this action, and granting such other and further relief as this Court may deem just and proper, together with the costs, attorneys' fees and disbursements of this action.

<div align="center">

**JURY DEMAND**

</div>

Defendant ADAPTHEALTH CORP. demands a jury trial as to all issues so triable.

Dated: November 17, 2025

> **HARRIS BEACH MURTHA CULLINA PLLC**
>
> By: _Marina Plotkin_
> Marina Plotkin, Esq. (State Bar ID # 047582005)
> 100 Wall Street, 23rd Floor
> New York, NY 10005
> (212) 313-5409
> mplotkin@harrisbeachmurtha.com
>
> *Attorneys for Defendant*
> *ADAPTHEALTH CORP.*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this 17th day of November, 2025, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system.

<div style="margin-left:45%;">

**HARRIS BEACH MURTHA CULLINA PLLC**

By: _Marina Plotkin_

Marina Plotkin, Esq.
100 Wall Street, 23rd Floor
New York, NY 10005
(212) 313-5409
mplotkin@harrisbeachmurtha.com

*Attorneys for Defendant*
*ADAPTHEALTH CORP.*

</div>