

Three Logan Square
1717 Arch St., Suite 3610
Philadelphia, PA 19103
**o.** 267.267.4747 **f.** 843.216.9450

**Michael G. Daly, Esquire**
Member
direct: 267.443.8515
mdaly@motleyrice.com

www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

December 15, 2025

**VIA ELECTRONIC COURT FILING (ECF)**
Honorable Renée Marie Bumb
U.S.D.C. District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey

> Re:    *Matthew Juliano v. Nurse Assist, LLC, et al.*
> **United States District Court for the District of New Jersey**
> **No. 1:25-cv-13512-RMB-MJS**

Dear Chief Judge Bumb:

The undersigned represent the Plaintiff, Matthew Juliano, in the above-referenced matter. We are in receipt of the letter by counsel for Defendant, Spinnaker International, LLC ("Spinnaker"), requesting a pre-motion conference to grant leave for Spinnaker to file a motion to dismiss all claims. As previously stated, Plaintiff is not opposed to Your Honor holding a pre-motion conference to discuss this matter.

By way of relevant procedural history, Plaintiff filed his Amended Complaint on September 25, 2025.  Doc. 5.  Spinnaker was served with original process by personal service on October 20, 2025.  Doc. 19.  On November 10, 2025, counsel for Spinnaker filed Spinnaker's Corporate Disclosure Statement and a letter to Your Honor requesting a pre-motion conference to move for dismissal.  Doc. 28, 29.  In its letter, Spinnaker stated that it is "uninvolved in the manufacturing, distribution or sale of the subject saline and sterile water products."[1]  Doc. 29.

---

[1] This statement directly contradicts Spinnaker International LLC's own press release, which was the basis for Plaintiff filing suit against Spinnaker.  The January 5, 2023 press release is unequivocal about the new ownership structure for Nurse Assist, LLC: "BPGC Management LP ("BPGC"), *Spinnaker International LLC ("Spinnaker")* and R Investments (together the "Acquiror") has acquired a majority stake in Nurse Assist LLC, the maker of the Stericare Solutions ("Stericare") brand of medical water products" (emphasis added). In the press release, Mr. Kevin Seifert, co-founder of Spinnaker, was quoted as saying "[t]he company's management team has successfully elevated Stericare into a best-in-class manufacturer with a strong market presence. Supporting this team with our capital and execution guidance, we are confident that a significant growth model will flourish to serve many of the market's unmet needs." https://stericaresolutions.com/bpgc-spinnaker-international-and-r-investments-acquire-controlling-interest-in-stericare-solutions/ (last accessed December 11, 2025).



December 15, 2025
Page 2

The undersigned wrote to Your Honor on November 11, 2025 advising that Plaintiff was unable to substantively respond to Spinnaker's request for leave to file a motion to dismiss because Nurse Assist failed to file its Corporate Disclosure Statement pursuant to F.R.C.P. 7.1(a)(1), and that specific information pertaining to Spinnaker's ownership and control of Nurse Assist is essential to Spinnaker's jurisdictional and substantive questions.  Doc. 30.

On November 12, 2025, Your Honor entered a text Order for Nurse Assist, LLC to file its Diversity Disclosure Statement by November 17, 2025 and for counsel for Plaintiff and Defendant Spinnaker to meet and confer and update the Court in writing of their discussions by December 5, 2025.  Doc. 31.

On November 14, 2025, Defendant Nurse Assist filed its Corporate Disclosure Statement (Doc. 32), and the parties met and conferred on November 17, 2025 and again on December 2, 2025.  During the meet and confer process, Plaintiff proposed a Rule 30(b)(6) deposition of Kevin Seifert, because Mr. Seifert is a member of Spinnaker International, LLC and multiple Nurse Assist entities, and was quoted in Spinnaker's press release on the Stericare acquisition as providing "support" to the Stericare management team.[2]   The deposition would be integral to better understanding (1) Spinnaker's involvement with Stericare Solutions (the product at issue); and (2) the correct ownership structure and nature of involvement of the other entities identified in Nurse Assist's corporate disclosure statement (Doc. 32).  Unfortunately, Spinnaker rejected Plaintiff's proposal, and on December 5, 2025, pursuant to the Court's text Order, Counsel for Spinnaker notified the Court in writing of the inability to reach a resolution.  Doc. 43.

Plaintiff believes that the most efficient process for determining the true level of involvement of Spinnaker, as well as the appropriate entities to name in this lawsuit as owners, managers, or controllers of Nurse Assist, LLC, is to conduct a targeted 30(b)(6) deposition on Spinnaker and Seifert's involvement with Nurse Assist, LLC and the Stericare product line, as well as the corporate structure and ownership history of Nurse Assist, LLC.  Fortunately for the Parties and Court, Kevin Seifert is already identified as a person with knowledge on these topics. Absent this discovery, it appears Spinnaker will be filing a premature motion to dismiss that cannot be ruled on without adequate discovery, and Plaintiff will be forced to continuously amend the complaint while the convoluted corporate structure of Nurse Assist / Stericare is slowly untangled.

Based upon the information and evidence currently available to Plaintiff, this Court has specific personal jurisdiction over Spinnaker because Spinnaker was the owner of Nurse Assist and provided "support" for its Stericare product, which was sold, distributed, and catastrophically injured a New Jersey resident in this State.  Clearly, based upon the available evidence, the

---

[2] https://stericaresolutions.com/bpgc-spinnaker-international-and-r-investments-acquire-controlling-interest-in-stericare-solutions/ (last accessed December 11, 2025).



December 15, 2025
Page 3

defendants (1) purposefully directed their activities at this forum; (2) the litigation arose out of or related to at least one of those activities; and (3) jurisdiction comports with notions of fair play and substantial justice. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Plaintiff understands that Spinnaker's counsel is asserting that the known evidence is false or mistaken, and contends that Spinnaker is "uninvolved" in the ownership or manufacturing, distribution or sale of Nurse Assist / Stericare. Plaintiff has not seen any evidence or verified representation to support Defendants' representations. In order to diligently and thoroughly engage Defendants' assertion and respond to its anticipated motion to dismiss, Plaintiff will still require targeted discovery, likely in the form of a Rule 30(b)(6) deposition.

Therefore, in the interest of judicial economy, Plaintiff respectfully requests that this Court Order a Rule 30(b)(6) deposition of Spinnaker and Nurse Assist to occur in the next 60 days and prior to any Rule 12 motion practice so that Plaintiff can elicit the necessary discovery on Spinnaker as well as the corporate structure and ownership history of the product manufacturer, Nurse Assist.[3]

Plaintiff's counsel is available at the Court's convenience should Your Honor have any questions or concerns.

Respectfully,

Michael G. Daly, Esquire
Joshua M. Neuman, Esquire
**MOTLEY RICE, LLC**

cc: All Counsel of Record (via electronic filing)

---

[3] An Order against both Spinnaker and Nurse Assist would be appropriate, as they are represented by the same counsel (Mr. Robert Blanton) and Mr. Seifert, who Plaintiff believes is the proper deponent based on information currently known, is involved in the membership of both entities.