**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW JULIANO,<br><br>Plaintiff,<br><br>v.<br><br>NURSE ASSIST, LLC, ADAPTHEALTH CORP., LBC CREDIT PARTNERS IV, L.P., LBC-P CREDIT FUND, L.P., LBC-A CREDIT FUND, L.P., CIFC ASSET MANAGEMENT, LLC, CIFC, LLC, McKESSON MEDICAL-SURGICAL, INC., and MEDLINE INDUSTRIES, LP,<br><br>Defendants. | Civil Action No.<br>1:25-cv-13512 (RMB) (MJS)<br><br>**ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND JURY DEMAND** |

## I.

## ANSWER

Defendant, NURSE ASSIST, LLC, by and through its attorneys, HARDIN, KUNDLA, McKEON & POLETTO, P.A., hereby serves its Answer to Plaintiff's Third Amended Complaint dated July 6, 2026, and denies each and every allegation in the Third Amended Complaint unless specifically admitted herein. This defendant further responds to the Third Amended Complaint based on personal knowledge as to its own actions, and otherwise upon information and belief, and says:

## NATURE OF THE ACTION

1. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Third Amended Complaint and leaves Plaintiff to his proofs.

2. This defendant denies the allegations contained in Paragraph 2 of the Third Amended Complaint.

3. This defendant denies the allegations contained in Paragraph 3 of the Third Amended Complaint to the extent they misstate or mischaracterize the voluntary recall notice which speaks for itself.

4. This defendant denies the allegations contained in Paragraph 4 of the Third Amended Complaint.

5. This defendant denies the allegations contained in Paragraph 5 of the Third Amended Complaint.

6. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Third Amended Complaint and leaves Plaintiff to his proofs.

7. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Third Amended Complaint and leaves Plaintiff to his proofs.

## THE PARTIES

8. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Third Amended Complaint and leaves Plaintiff to his proofs.

9. This defendant admits the allegations contained in Paragraph 9 of the Third Amended Complaint that it is a Delaware Limited Liability Company with its principal place of business located at 4409 Haltom Road, Haltom City, Texas 76117. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Third Amended Complaint regarding whether it designed, manufactured, marketed, advertised, labeled, distributed, packaged, imported, supplied, or sold the Sterile 0.9% Normal Saline USP products allegedly used by Plaintiff and leaves Plaintiff to his proofs.

10. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Third Amended Complaint and leaves Plaintiff to his proofs.

11. This defendant denies the allegations in Paragraph 11 of the Third Amended Complaint except to admit that LBC Credit Partners IV, L.P., LBC-P Credit Fund, L.P., and LBC-A Credit Fund, L.P. are members of Maplewood North LLC which is the sole member of Big Tree Road LLC which is the sole member of Nurse Assist, LLC.

12. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Third Amended Complaint and leaves Plaintiff to his proofs.

13. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Third Amended Complaint and leaves Plaintiff to his proofs.

14. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Third Amended Complaint and leaves Plaintiff to his proofs.

15. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Third Amended Complaint and leaves Plaintiff to his proofs.

16. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Third Amended Complaint and leaves Plaintiff to his proofs.

17. This defendant denies the allegations in Paragraph 17 of the Third Amended Complaint.

18. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Third Amended Complaint regarding whether it designed, manufactured, marketed, advertised, labeled, distributed, packaged, imported, supplied, or sold the Sterile 0.9% Normal Saline USP products allegedly used by Plaintiff though this defendant denies any products it manufactured caused Plaintiff's alleged injuries.

19. This defendant denies the allegations in Paragraph 19 of the Third Amended Complaint.

20. This defendant denies the allegations in Paragraph 20 of the Third Amended Complaint.

## JURISDICTION AND VENUE

21. Paragraph 21 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Third Amended Complaint and refers all questions of law to this Court. This defendant denies any remaining allegations in Paragraph 21.

22. This defendant denies the allegations in Paragraph 22 of the Third Amended Complaint.

23. Paragraph 23 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Third Amended Complaint though it admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey. This defendant denies any remaining allegations in Paragraph 23.

24. Paragraph 24 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey though this defendant denies the remaining allegations that

any products were "contaminated" or caused Plaintiff's alleged injuries. This defendant denies any remaining allegations in Paragraph 24.

25. Paragraph 25 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey though this defendant denies that any products caused Plaintiff's alleged injuries. This defendant denies any remaining allegations in Paragraph 25.

26. Paragraph 26 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey though this defendant denies that any products caused Plaintiff's alleged injuries. This defendant denies any remaining allegations in Paragraph 26.

27. Paragraph 27 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 27.

28. Paragraph 28 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 28.

29. Paragraph 29 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey though this defendant denies that any products caused Plaintiff's alleged injuries. This defendant denies any remaining allegations in Paragraph 29, including, but not limited to, any allegation that it "committed [tortious] acts."

30. Paragraph 30 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey though this defendant denies that any products caused Plaintiff's alleged injuries. This defendant denies any remaining allegations in Paragraph 30.

31. This defendant denies that it was present in the State of New Jersey as alleged in Paragraph 31 of the Third Amended Complaint; as to the remaining

allegations, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey. This defendant denies any remaining allegations in Paragraph 31.

32. Paragraph 32 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products that, upon information and belief, were utilized by medical providers or consumers in the State of New Jersey though this defendant denies that any products caused Plaintiff's alleged injuries. This defendant denies any remaining allegations in Paragraph 32.

**FACTUAL ALLEGATIONS**

33. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Third Amended Complaint and leaves Plaintiff to his proofs.

34. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of the Third Amended Complaint and leaves Plaintiff to his proofs.

35. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of the Third Amended Complaint and leaves Plaintiff to his proofs.

36. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of the Third Amended Complaint and leaves Plaintiff to his proofs.

37. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of the Third Amended Complaint and leaves Plaintiff to his proofs.

38. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of the Third Amended Complaint and leaves Plaintiff to his proofs.

39. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of the Third Amended Complaint and leaves Plaintiff to his proofs.

40. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Third Amended Complaint and leaves Plaintiff to his proofs.

41. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of the Third Amended Complaint and leaves Plaintiff to his proofs.

42. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Third Amended Complaint and leaves Plaintiff to his proofs.

43. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of the Third Amended Complaint and leaves Plaintiff to his proofs.

44. This defendant admits that it initiated a voluntary recall on November 6, 2023 of certain 0.9% Sodium Chloride Irrigation USP and Sterile Water for Irrigation USP but the remaining allegations contained in Paragraph 44 of the Third Amended Complaint are denied, including, but not limited to, any mischaracterization of said voluntary recall.

45. This defendant denies the allegations contained in Paragraph 45 of the Third Amended Complaint to the extent they misstate or mischaracterize the voluntary recall notice which speaks for itself.

46. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Third Amended Complaint as to whether Plaintiff received a letter from AdaptHealth on or about March 12, 2024. This defendant denies the remaining allegations contained in Paragraph 46 of the Third Amended Complaint.

47. This defendant denies the allegations contained in Paragraph 47 of the Third Amended Complaint.

48. This defendant denies the allegations contained in Paragraph 48 of the Third Amended Complaint.

49. This defendant denies the allegations contained in Paragraph 49 of the Third Amended Complaint.

50. This defendant denies the allegations contained in Paragraph 50 of the Third Amended Complaint.

51. This defendant denies the allegations contained in Paragraph 51 of the Third Amended Complaint.

52. This defendant denies the allegations contained in Paragraph 52 of the Third Amended Complaint.

53. This defendant denies the allegations contained in Paragraph 53 of the Third Amended Complaint.

54. This defendant denies the allegations contained in Paragraph 54 of the Third Amended Complaint.

55. Paragraph 55 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 55.

**RESPONSE TO COUNT ONE**

56. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

57. Paragraph 57 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant refers all questions of law to this Court. This defendant denies any remaining allegations in Paragraph 57.

58. Paragraph 58 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9%

sodium chloride irrigation USP and sterile water for irrigation USP products, and this defendant refers all questions of law to this Court. This defendant denies any remaining allegations in Paragraph 58.

59. Paragraph 59 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products, and this defendant refers all questions of law to this Court. This defendant denies any remaining allegations in Paragraph 59.

60. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of the Third Amended Complaint and leaves Plaintiff to his proofs.

61. This defendant denies the allegations contained in Paragraph 61 of the Third Amended Complaint.

62. This defendant denies the allegations contained in Paragraph 62 of the Third Amended Complaint.

63. This defendant denies the allegations contained in Paragraph 63 of the Third Amended Complaint.

64. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 64 of the Third Amended Complaint and leaves Plaintiff to his proofs.

65. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 65 of the Third Amended Complaint and leaves Plaintiff to his proofs.

66. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 66 of the Third Amended Complaint and leaves Plaintiff to his proofs.

67. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 67 of the Third Amended Complaint and leaves Plaintiff to his proofs.

68. This defendant denies the allegations contained in Paragraph 68 of the Third Amended Complaint.

69. This defendant denies the allegations contained in Paragraph 69 of the Third Amended Complaint.

70. This defendant denies the allegations contained in Paragraph 70 of the Third Amended Complaint.

71. This defendant denies the allegations contained in Paragraph 71 of the Third Amended Complaint.

72. This defendant denies the allegations contained in Paragraph 72 of the Third Amended Complaint.

**RESPONSE TO COUNT TWO**

73. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

74. This defendant denies the allegations contained in Paragraph 74 of the Third Amended Complaint except to admit this defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 74.

75. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 75 of the Third Amended Complaint and leaves Plaintiff to his proofs.

76. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 76 of the Third Amended Complaint and leaves Plaintiff to his proofs.

77. This defendant denies the allegations contained in Paragraph 77 of the Third Amended Complaint.

78. This defendant denies the allegations contained in Paragraph 78 of the Third Amended Complaint.

79. This defendant denies the allegations contained in Paragraph 79 of the Third Amended Complaint.

80. This defendant denies the allegations contained in Paragraph 80 of the Third Amended Complaint.

81. This defendant denies the allegations contained in Paragraph 81 of the Third Amended Complaint.

82. This defendant denies the allegations contained in Paragraph 82 of the Third Amended Complaint.

83. This defendant denies the allegations contained in Paragraph 83 of the Third Amended Complaint.

84. This defendant denies the allegations contained in Paragraph 84 of the Third Amended Complaint.

85. This defendant denies the allegations contained in Paragraph 85 of the Third Amended Complaint.

86. This defendant denies the allegations contained in Paragraph 86 of the Third Amended Complaint.

87. This defendant denies the allegations contained in Paragraph 87 of the Third Amended Complaint.

**RESPONSE TO COUNT THREE**

88. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

89. This defendant denies the allegations contained in Paragraph 89 of the Third Amended Complaint.

90. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 90 of the Third Amended Complaint and leaves Plaintiff to his proofs except to admit this defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 90.

91. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 91 of the Third Amended Complaint and leaves Plaintiff to his proofs.

92. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 92 of the Third Amended Complaint and leaves Plaintiff to his proofs.

93. This defendant denies the allegations contained in Paragraph 93 of the Third Amended Complaint.

94. This defendant denies the allegations contained in Paragraph 94 of the Third Amended Complaint.

95. This defendant denies the allegations contained in Paragraph 95 of the Third Amended Complaint.

96. This defendant denies the allegations contained in Paragraph 96 of the Third Amended Complaint.

97. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 97 of the Third Amended Complaint and leaves Plaintiff to his proofs except to admit this defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 97, including, but not limited to, any implied allegation that the product Plaintiff purportedly received was anything other than "sterile, unadulterated, and uncontaminated."

98. This defendant denies the allegations contained in Paragraph 98 of the Third Amended Complaint.

99. This defendant denies the allegations contained in Paragraph 99 of the Third Amended Complaint.

**RESPONSE TO COUNT FOUR**

100. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

101. Paragraph 101 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products, and this defendant refers all questions of law to this Court. This defendant denies any remaining allegations in Paragraph 101, including, but not limited to, any implied allegation that the product Plaintiff purportedly received was anything other than "safe for intended use," accompanied by adequate labeling and warnings.

102. Paragraph 102 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant admits that it manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products, and this defendant refers all questions of law to this Court. This defendant denies any remaining allegations in Paragraph 102, including, but not limited to, any allegation that the product Plaintiff purportedly received was "unsafe," "dangerous," or had a "lack of sterility."

103. This defendant denies the allegations contained in Paragraph 103 of the Third Amended Complaint.

104. This defendant denies the allegations contained in Paragraph 104 of the Third Amended Complaint.

105. This defendant denies the allegations contained in Paragraph 105 of the Third Amended Complaint.

106. This defendant denies the allegations contained in Paragraph 106 and subparts (a) through (k) of the Third Amended Complaint.

107. This defendant denies the allegations contained in Paragraph 107 of the Third Amended Complaint.

108. This defendant denies the allegations contained in Paragraph 108 of the Third Amended Complaint.

109. This defendant denies the allegations contained in Paragraph 109 of the Third Amended Complaint.

110. This defendant denies the allegations contained in Paragraph 110 of the Third Amended Complaint.

111. This defendant denies the allegations contained in Paragraph 111 of the Third Amended Complaint.

112. This defendant denies the allegations contained in Paragraph 112 of the Third Amended Complaint.

113. This defendant denies the allegations contained in Paragraph 113 of the Third Amended Complaint.

**RESPONSE TO COUNT FIVE**

114. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

115. This defendant denies the allegations contained in Paragraph 115 of the Third Amended Complaint.

116. This defendant denies the allegations contained in Paragraph 116 of the Third Amended Complaint.

117. This defendant denies the allegations contained in Paragraph 117 of the Third Amended Complaint.

118. This defendant denies the allegations contained in Paragraph 118 of the Third Amended Complaint.

119. Paragraph 119 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant denies the allegations contained in Paragraph 119 of the Third Amended Complaint.

120. This defendant denies the allegations contained in Paragraph 120 of the Third Amended Complaint.

121. This defendant denies the allegations contained in Paragraph 121 of the Third Amended Complaint.

122. This defendant denies the allegations contained in Paragraph 122 of the Third Amended Complaint.

123. This defendant denies the allegations contained in Paragraph 123 of the Third Amended Complaint.

124. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 124 of the Third Amended Complaint and leaves Plaintiff to his proofs.

125. This defendant denies the allegations contained in Paragraph 125 of the Third Amended Complaint.

126. This defendant denies the allegations contained in Paragraph 126 of the Third Amended Complaint.

127. This defendant denies the allegations contained in Paragraph 127 of the Third Amended Complaint.

128. This defendant denies the allegations contained in Paragraph 128 of the Third Amended Complaint.

**RESPONSE TO COUNT SIX**

129. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

130. This defendant denies the allegations contained in Paragraph 130 of the Third Amended Complaint.

131. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 131 of the Third Amended Complaint and leaves Plaintiff to his proofs except to admit this defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 131.

132. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 132 of the Third Amended Complaint

and leaves Plaintiff to his proofs except to admit this defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 132.

133. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 133 of the Third Amended Complaint and leaves Plaintiff to his proofs except to admit this defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 133.

134. This defendant denies the allegations contained in Paragraph 134 of the Third Amended Complaint.

135. This defendant denies the allegations contained in Paragraph 135 of the Third Amended Complaint.

136. This defendant denies the allegations contained in Paragraph 136 of the Third Amended Complaint.

137. This defendant denies the allegations contained in Paragraph 137 of the Third Amended Complaint.

138. This defendant denies the allegations contained in Paragraph 138 of the Third Amended Complaint.

139. Paragraph 139 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. To the extent a response is required, this defendant denies the allegations, including, but not limited to, any implied allegation of any breach of duty imposed by law.

140. This defendant denies the allegations contained in Paragraph 140 of the Third Amended Complaint.

141. This defendant denies the allegations contained in Paragraph 141 of the Third Amended Complaint.

142. This defendant denies the allegations contained in Paragraph 142 of the Third Amended Complaint.

143. This defendant denies the allegations contained in Paragraph 143 of the Third Amended Complaint.

144. This defendant denies the allegations contained in Paragraph 144 of the Third Amended Complaint.

145. This defendant denies the allegations contained in Paragraph 145 of the Third Amended Complaint.

**RESPONSE TO COUNT SEVEN**

146. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

147. This defendant denies the allegations contained in Paragraph 147 of the Third Amended Complaint except to admit this defendant except to admit this defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 147, including, but not limited to, any allegation that the product Plaintiff purportedly received was anything but "uncontaminated."

148. This defendant denies the allegations contained in Paragraph 148 of the Third Amended Complaint except to admit this defendant except to admit this

defendant manufactured certain 0.9% sodium chloride irrigation USP and sterile water for irrigation USP products. This defendant denies any remaining allegations in Paragraph 148.

149. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 149 of the Third Amended Complaint and leaves Plaintiff to his proofs.

150. This defendant denies the allegations contained in Paragraph 150 of the Third Amended Complaint.

151. Paragraph 151 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 151, including, but not limited to, any implied allegation that the product Plaintiff purportedly received had any "contaminants."

152. This defendant denies the allegations contained in Paragraph 152 of the Third Amended Complaint.

153. Paragraph 153 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 153, including, but not limited to, any implied allegation of any breach of duty imposed by law.

154. This defendant denies the allegations contained in Paragraph 154 of the Third Amended Complaint.

155. This defendant denies the allegations contained in Paragraph 155 of the Third Amended Complaint.

156. This defendant denies the allegations contained in Paragraph 156 of the Third Amended Complaint.

157. This defendant denies the allegations contained in Paragraph 157 of the Third Amended Complaint.

158. This defendant denies the allegations contained in Paragraph 158 of the Third Amended Complaint.

**RESPONSE TO COUNT EIGHT**

159. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

160. This defendant denies the allegations contained in Paragraph 160 of the Third Amended Complaint.

161. This defendant denies the allegations contained in Paragraph 161 of the Third Amended Complaint.

162. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 162 of the Third Amended Complaint and leaves Plaintiff to his proofs.

163. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 163 of the Third Amended Complaint and leaves Plaintiff to his proofs.

164. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 164 of the Third Amended Complaint and leaves Plaintiff to his proofs.

165. This defendant denies the allegations contained in Paragraph 165 of the Third Amended Complaint.

166. This defendant denies the allegations contained in Paragraph 166 of the Third Amended Complaint.

167. Paragraph 167 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 167, including, but not limited to, any implied allegation of any breach of duty imposed by law.

168. Paragraph 168 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 168, including but not limited to, any implied allegation of any breach of duty imposed by law.

169. This defendant denies the allegations contained in Paragraph 169 of the Third Amended Complaint.

170. This defendant denies the allegations contained in Paragraph 170 of the Third Amended Complaint.

171. This defendant denies the allegations contained in Paragraph 171 of the Third Amended Complaint.

**RESPONSE TO COUNT NINE**

172. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

173. Paragraph 173 of the Third Amended Complaint contains a legal conclusion to which no response is required by this defendant. This defendant denies any remaining allegations in Paragraph 173.

174. This defendant denies the allegations contained in Paragraph 174 of the Third Amended Complaint.

175. This defendant denies the allegations contained in Paragraph 175 of the Third Amended Complaint.

176. This defendant denies the allegations contained in Paragraph 176 of the Third Amended Complaint.

177. This defendant denies the allegations contained in Paragraph 177 of the Third Amended Complaint.

178. This defendant denies the allegations contained in Paragraph 178 of the Third Amended Complaint.

179. This defendant denies the allegations contained in Paragraph 179 of the Third Amended Complaint.

180. This defendant denies the allegations contained in Paragraph 180 of the Third Amended Complaint.

181. This defendant denies the allegations contained in Paragraph 181 of the Third Amended Complaint.

182. This defendant denies the allegations contained in Paragraph 182 of the Third Amended Complaint.

183. This defendant denies the allegations contained in Paragraph 183 of the Third Amended Complaint.

184. This defendant denies the allegations contained in Paragraph 184 of the Third Amended Complaint.

185. This defendant denies the allegations contained in Paragraph 185 of the Third Amended Complaint.

186. This defendant denies the allegations contained in Paragraph 186 of the Third Amended Complaint.

187. This defendant denies the allegations contained in Paragraph 187 of the Third Amended Complaint.

188. This defendant denies the allegations contained in Paragraph 188 of the Third Amended Complaint.

189. This defendant denies the allegations contained in Paragraph 189 of the Third Amended Complaint.

190. This defendant denies the allegations contained in Paragraph 190 of the Third Amended Complaint.

191. This defendant denies the allegations contained in Paragraph 191 of the Third Amended Complaint.

**RESPONSE TO COUNT TEN**

192. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

193. This defendant denies the allegations contained in Paragraph 193 of the Third Amended Complaint to the extent they misstate or mischaracterize the voluntary recall notice which speaks for itself.

194. This defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 194 of the Third Amended Complaint and leaves Plaintiff to his proofs.

195. This defendant denies the allegations contained in Paragraph 195 of the Third Amended Complaint.

196. This defendant denies the allegations contained in Paragraph 196 of the Third Amended Complaint.

197. This defendant denies the allegations contained in Paragraph 197 of the Third Amended Complaint.

198. This defendant denies the allegations contained in Paragraph 198 of the Third Amended Complaint.

**RESPONSE TO COUNT ELEVEN**

199. This defendant incorporates by reference each and every response contained above, as though fully set forth herein.

200. This defendant denies the allegations contained in Paragraph 200 of the Third Amended Complaint.

201. This defendant denies the allegations contained in Paragraph 201 and subparagraphs (a) through (d) of the Third Amended Complaint.

202. This defendant denies the allegations contained in Paragraph 202 of the Third Amended Complaint.

203. This defendant denies the allegations contained in Paragraph 203 of the Third Amended Complaint.

204. This defendant denies the allegations contained in Paragraph 204 of the Third Amended Complaint.

## II.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

**First.** Plaintiff may have failed to join necessary and proper parties.

**Second.** The Third Amended Complaint fails to state a cause of action upon which relief can be granted as against this defendant due to lack of product identification.

**Third.** Liability against this defendant is precluded to the extent the product at issue was not designed, manufactured, sold, or distributed by this defendant.

**Fourth.** This defendant exercised reasonable care in accordance with state of the art utilizing proper methods of design, manufacture, and sale, and acted consistent with the knowledge and researchable available in the scientific community for any product at issue in this action.

**Fifth.** Liability against this defendant is precluded because at the time product left the manufacturer's control, there was not a practical and technically feasible alternative design that would have prevented the alleged harm without substantially impairing the reasonably anticipated or intended function of the product.

**Sixth.** Liability against this defendant is precluded because the

product at issue complied with design specifications, formula and performance standards.

**Seventh.** The product at issue was neither designed nor manufactured in a defective manner.

**Eighth.** Liability against this defendant is precluded to the extent the product at issue was not in the same condition when it allegedly caused injury to Plaintiff as when the product was manufactured or sold.

**Ninth.** All the risks, dangers and hazards involved and presented at the time and place mentioned in the Third Amended Complaint, if any, were open, obvious and apparent and were known to and assumed by Plaintiff and Plaintiff willingly and voluntarily assumed the risk and danger thereof.

**Tenth.** This defendant is not liable to the extent the product at issue contained adequate warnings.

**Eleventh.** This defendant is not liable to the extent that the product at issue was substantially altered, modified, or changed by other persons after it left this defendant's care, custody, and control.

**Twelfth.** This defendant is not liable to the extent that the injuries and damages alleged were caused by the unauthorized, unintended, improper and/or negligent sale or distribution of the product to Plaintiff by co-defendants or other parties.

**Thirteenth.** Plaintiff obtained the product at issue without obtaining it from or on the order of a physician.

**Fourteenth.** This defendant is not liable to the extent that the injuries and damages alleged were caused by the unauthorized, unintended, improper and/or negligent use or abuse of the product at issue.

**Fifteenth.** This defendant is not liable to the extent that the injuries and damages alleged were due to Plaintiff's failure to exercise reasonable and ordinary care.

**Sixteenth.** Plaintiff failed to utilize the product at issue according to the warning and instructions.

**Seventeenth.** This defendant denies any negligence.

**Eighteenth.** With respect to all causes of action based upon alleged breaches of expressed or implied warranties, there was no privity of contract between Plaintiff and this defendant.

**Nineteenth.** With respect to all causes of action based upon alleged breaches of expressed or implied warranties, there was no timely notice of any alleged breach of warranty given by Plaintiff to this defendant.

**Twentieth.** This defendant did not breach any warranties that may apply to the product at issue.

**Twenty-first.** This defendant is not liable to the extent that Plaintiff did not rely on any warranty, express or implied, made by this defendant.

**Twenty-second.** This defendant made no warranty, express or implied, to Plaintiff.

**Twenty-third.** To the extent warranties apply to the product at issue or were found to have been made by this defendant, any liability for the injuries and damages sought by plaintiff is disclaimed by warranties accompanying the product at the time of sale.

**Twenty-fourth.** Plaintiff's warranty claims against this defendant are barred by the Uniform Commercial Code, the statute of limitations, and the statute of frauds.

**Twenty-fifth.** Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical conditions, diseases or illnesses.

**Twenty-sixth.** The learned intermediary doctrine bars Plaintiff's claims.

**Twenty-seventh.** Plaintiff's claims are barred, in whole or in part, because the labels and information accompanying the products at issue were approved by the U.S. Food and Drug Administration or other appropriate regulatory agencies.

**Twenty-eighth.** Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the product at issue.

**Twenty-ninth.** Plaintiff's claims are barred, in whole or in part, by applicable products liability statutes or other law providing immunity or a disputable presumption of immunity against liability for pharmaceutical products approved by the FDA including those that exist under N.J.S.A. § 2A:58C-1, *et seq*.

**Thirtieth.** Plaintiff's claims against this defendant are subsumed and/or barred by the New Jersey Products Liability Act, N.J.S.A. § 2A:58C-1, *et seq*.

**Thirty-first.** The damages, if any, sustained by Plaintiff are barred or otherwise limited by virtue of the New Jersey Comparative Negligence Laws, N.J.S.A. § 2A:15-5.1, *et seq*.

**Thirty-second.** This defendant did not proximately cause any injury or damage to Plaintiff.

**Thirty-third.** The damages, if any, sustained by Plaintiff were the result of an independent, intervening cause for which this defendant may not be held liable.

**Thirty-fourth.** The damages, if any, sustained by Plaintiff were the result of an independent, medical condition for which this defendant may not be held liable.

**Thirty-fifth.** The injuries and damages, if any, sustained by Plaintiff were caused by his sole, contributory or comparative negligence and not by any negligence of this defendant.

**Thirty-sixth.** Plaintiff's injuries and damages, if any, were caused by acts of third persons, entities or conditions over whom this defendant had no control and/or no duty to control.

**Thirty-seventh.** The claim is barred by the doctrine of accord and satisfaction.

**Thirty-eighth.** The claim is barred by the doctrine of collateral estoppel.

**Thirty-ninth.** The claim is barred by the doctrine of estoppel.

**Fortieth.** The claim is barred by the doctrine of laches.

**Forty-first.** The claim is barred by the doctrine of license.

**Forty-second.** The claim is barred by the doctrine of *res judicata*.

**Forty-third.** The claim is barred by the doctrine of unclean hands.

**Forty-fourth.** The claim is barred by the doctrine of waiver.

**Forty-fifth.** Plaintiffs' claims for punitive damages are barred and/or limited pursuant to N.J.S.A. § 2A:15-5.9, *et seq*.

**Forty-sixth.** Plaintiffs' claims for punitive damages are barred under N.J.S.A. § 2A:58C-5.

**Forty-seventh.** This defendant's conduct towards the Plaintiff was not malicious. At all times relevant hereto, this defendant acted in good faith and without fraud or malice, did not act in wanton and willful disregard of Plaintiff's rights, and did not act with willful misconduct.

**Forty-eighth.** Plaintiff's claims for punitive damages are barred because such an award would violate this defendant's due process, equal protection, and other rights under the United States Constitution, and the New Jersey Constitution.

**Forty-ninth.**This defendant is entitled to a credit for any expenses paid by insurance or other third parties which are claimed as damages by Plaintiff in accordance with N.J.S.A. § 2A:15-97.

**Fiftieth.** This defendant cannot be held vicariously liable to Plaintiff for acts of third persons who are not the agents, servants and/or employees of this defendant.

**Fifty-first.** This defendant is not responsible for Plaintiff's alleged injuries pursuant to all applicable provisions of the Uniform Commercial Code, N.J.S.A. § 12A:1-101, *et seq*.

**Fifty-second.** Plaintiff's damages, if any, should be reduced by any collateral sources.

**Fifty-third.** Plaintiff assumed the risk of injury.

**Fifty-fourth.** Plaintiff failed to take reasonable steps to mitigate damages alleged in the Third Amended Complaint.

**Fifty-fifth.** This defendant reserves the right to assert further affirmative defenses as warranted by continuing investigation and discovery in this lawsuit.

**WHEREFORE,** Defendant Nurse Assist, LLC demands judgment dismissing the Third Amended Complaint along with the costs and disbursements of this action.

**III.**

**DEMAND FOR JURY TRIAL**

Defendant Nurse Assist, LLC demands a trial by jury.

Dated: July 23, 2026 By: ***/s/ Robert E. Blanton, Jr.***

Robert E. Blanton, Jr., Esq.
**HARDIN KUNDLA McKEON & POLETTO, PA**
673 Morris Avenue
Springfield, NJ 07081
(T) 973-912-5222
(F) 973-912-9212
rblanton@hkmpp.com

*Attorneys for Defendant Nurse Assist, LLC*

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on July 23, 2026 the foregoing was filed electronically with the Clerk of Court and is being served upon all counsel of record via ECF.

By: ***/s/ Robert E. Blanton, Jr.***

Robert E. Blanton, Jr., Esq.
**HARDIN KUNDLA McKEON & POLETTO, PA**
673 Morris Avenue
Springfield, NJ 07081
(T) 973-912-5222
(F) 973-912-9212
rblanton@hkmpp.com

*Attorneys for Defendant Nurse Assist, LLC*