**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW JULIANO,<br>*Plaintiff*,<br>v.<br>NURSE ASSIST LLC, et al.,<br>*Defendants*. | Civ. No. 1:25-13512 (RMB) (MJS) |

**Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1(a)(2)**

Pursuant to Rule 7.1(a)(2) of the Federal Rules of Civil Procedure, defendants LBC Credit Partners IV, LP, LBC-P Credit Fund, LP, LBC-A Credit Fund, LP, CIFC Asset Management, LLC, and CIFC LLC (collectively "LBC Defendants") state as follows:

1. Defendant CIFC Asset Management, LLC is a limited liability company, and its sole member is CIFC Asset Management Holdings, LLC. CIFC Asset Management Holdings, LLC is a limited liability company, and its sole member is CIFC Corp., a Delaware corporation with a principal place of business in Florida.

2. Notwithstanding, there is an absence of complete diversity in this action.

3. Defendant LBC-P Credit Fund, LP is a limited partnership. One of its limited partners is the Pennsylvania Public School Employees' Retirement System (PSERS). As an arm of state government, PSERS has no citizenship and destroys diversity jurisdiction regardless of Plaintiff's citizenship. *See Moor v. Cnty. of Alameda*, 411 U.S. 693, 717–18 (1973); *PSERS v. Citigroup, Inc.*, No. 11-2583, 2011 U.S. Dist. LEXIS 55829, at *1 (E.D. Pa. May 20, 2011).

4. Defendant LBC-A Credit Fund, LP is a limited partnership. One of its limited partners is the Alaska Permanent Fund (APF). As an arm of state government, APF also has no citizenship and destroys diversity jurisdiction.

5. The above and additional information have been shared with Plaintiff.[1] Plaintiff evidently does not dispute that the Court lacks diversity jurisdiction over this action. *See* Aug. 18, 2026 Pl.'s Counsel Ltr. to C.J. Bumb (Doc. 111). However, before dismissing this action for lack of jurisdiction, Plaintiff has demanded various concessions from Defendants that may be applicable to a potential future action in state court but have no bearing on the present action in federal court.

6. Should Plaintiff seek additional information regarding the LBC Defendants' investors—the production of which is burdensome due to confidentiality concerns and volume of information, and is unnecessary to determine the Court's lack of jurisdiction over this action—the LBC Defendants will seek leave of the Court to file an appropriate application under Rule 7.1 and will be prepared to discuss a briefing schedule for the same at a pre-motion conference with the Court. *See* Fed. R. Civ. P. 7.1 (Committee Notes on Rules—2022 Amendment) ("The rule recognizes that the court may limit the disclosure in appropriate circumstances. Disclosure might be cut short when a party reveals a citizenship that defeats diversity jurisdiction. Or the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure."). However, the LBC Defendants are hopeful that, without further motion

---

[1] LBC Defendants' counsel has also informed Plaintiff's counsel that Defendants LBC Credit Partners IV, LP and CIFC LLC both include upstream owners who are citizens of New Jersey, further destroying diversity jurisdiction because Plaintiff is a citizen of New Jersey. LBC Defendants requested Plaintiff's counsel enter a confidentiality order regarding any disclosures of those individuals, but Plaintiff's counsel has never taken a position regarding that request.

practice, Plaintiff will dismiss this action without prejudice under Rule 41 of the Federal Rules of Civil Procedure as Plaintiff is aware of facts demonstrating that the Court lacks diversity jurisdiction over this action.

STAPLETON SEGAL COCHRAN LLC

August 24, 2026

By: *John T. Stinson*
John T. Stinson, Jr.
One Greentree Centre
10000 Lincoln Drive E., Suite 203
Marlton, NJ 08053
856.267-0925
jstinson@stapletonsegal.com

*Attorney for LBC Defendants*